IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VERONICA VENZANT, Individually and as Next Friend of M.E. (minor),<br>   *Plaintiffs*,<br><br>VS.<br><br>BIGELOW ARIZONA TX-282 LP d/b/a BUDGET SUITES OF AMERICA and BIGELOW ARIZONA CORPORATION,<br>   *Defendants*. | § § § § § § § § § § § § §  CIVIL ACTION NO. 3:22-cv-2600 |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, Bigelow Arizona TX-282 LP d/b/a Budget Suites of America (an improperly named Defendant) and Bigelow Arizona Corporation file this Notice of Removal under 28 U.S.C. § 1446(a) and respectfully show the Court the following:

### I. INTRODUCTION

1. Plaintiff is Veronica Venzant, Individually and as Next Friend of M.E. (minor); and the named Defendants are Bigelow Arizona TX-282 LP d/b/a Budget Suites of America (an improperly named Defendant[1]) and Bigelow Arizona Corporation, (hereinafter "Defendants" or collectively "BSA").

2. This is a premises liability case where in M.E. (minor) was injured in a shooting incident involving three unknown suspects on or about March 15, 2021. On October 12, 2022, Plaintiff, Veronica Venzant, Individually and as Next Friend of M.E. (minor) sued Defendants for negligence, vicarious liability, gross negligence, and negligence per se. Plaintiff, Veronica

---

[1] Defendant's correct name is Bigelow Arizona TX-282, Limited Partnership d/b/a Budget Suites of America, TX-282.

Venzant, individually sued Defendants for bystander liability. Ex. A. Plaintiff also seeks declaratory relief to invalidate an executed release signed by Plaintiff, Veronica Venzant. *Id*.

3. Defendant, Bigelow Arizona TX-282 LP d/b/a Budget Suites of America (an improperly named Defendant) was served <u>Plaintiffs' Original Petition and Petition for Declaratory Relief</u> on October 21, 2022 via its registered agent. Ex. B. Defendants timely filed their Original Answer and Designation of Responsible Third Party on November 11, 2022. Ex. C. Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## II. **GROUNDS FOR REMOVAL**

4. Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiff, Veronica Venzant (individually and as next friend of M.E.), as well as her minor child, M.E., is now, and was at the commencement of this action, citizens of Louisiana as evidenced by her allegations of "residency-in-fact" set out in the <u>Plaintiff's Original Petition</u>. Ex. A, ¶ 2  Further, the Plaintiff has been issued government identification from the State of Louisiana showing her home address to be in Monroe, Louisiana. The Louisiana identification was issued on March 14, 2019 and will not expire until March 14, 2023.

5. The Plaintiff incorrectly alleges that "Defendant, Bigelow Arizona TX-282 LP d/b/a Budget Suites of America (hereinafter "BSA" or "Defendant"), is a Texas Limited Partnership…" in her <u>Plaintiff's Original Petition and Petition for Declaratory Judgment</u>. Instead, Bigelow Arizona TX-282 LP d/b/a Budget Suites of America—TX 282 was at the time of the commencement of this action, and is now, a foreign limited partnership formed under and by the virtue of the laws of the State of Nevada with its principal place of business in Nevada. Bigelow Arizona TX-282 LP d/b/a Budget Suites of America, TX-282's general partner is Co-Defendant, Bigelow Arizona Corporation (which is also a citizen of Nevada), and no limited partner is a

citizen of Texas.

6. Defendant, Bigelow Arizona Corporation was at the time of the commencement of this action and is now a foreign corporation duly incorporated under and by virtue of the laws of the State of Nevada with its principal place of business in Nevada.

7. With the Plaintiff (and her minor child, M.E.) being citizens of Louisiana, and both Defendants being citizens of Nevada, the complete diversity of citizenship required by 28 U.S.C. §1332(a) is satisfied. That is, no Plaintiff herein is a citizen of the same state as any Defendant.

8. Pursuant to 28 U.S.C. §1332(a), the amount in controversy exceeds $75,000.00, excluding interest and costs. Plaintiff states in her Original Petition that she seeks monetary relief of over $1,000,000.00. Ex. A, ¶ 12.

9. All Defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. ¶ 1446(b)(2)(A).

10. Accordingly, removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446 due to the existence of complete diversity and the amount in controversy exceeding $75,000.00

### III. VENUE

11. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 193rd Judicial District Court of Dallas County, Texas, and all or a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV. PROCEDURAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(a), the following pleadings, process, orders, and other filings in the state-court suit are attached to this notice:

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | **Plaintiff's Original Petition and Petition for Declaratory Relief;** |
| **B.** | **Citation and Officer's Return to Defendant, Bigelow Arizona TX-282 LP d/b/a Budget Suites of America;** |
| **C.** | **Defendants' Original Answer and Motion for Leave to Designate Responsible Third Party; and** |
| **D.** | **Defendants' Amended Answer and Motion for Leave to Designate Responsible Third Party.** |

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 193rd Judicial District Court of Dallas County as provided by law.

## V. JURY DEMAND

16. Plaintiffs and Defendants have made a demand for a jury trial in the state-court suit, and respectfully Defendants continue their demand for a trial by jury pursuant to FED. R. CIV. PROC. 38.

## VI. CONCLUSION

17. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. For these reasons Defendants, Bigelow Arizona TX-282 LP d/b/a Budget Suites of America (an improperly named Defendant) and Bigelow Arizona Corporation ask the Court to remove suit to the Northern District of Texas – Dallas Division.

Respectfully submitted,

By: *[signature]*
KENT J. LISENBY
State Bar No. 00794177

kent@lisenbyfirm.com
Desirée M. Lewis
State Bar No. 24125650
desi@lisenbyfirm.com

THE LISENBY LAW FIRM, P.C.
9111 Cypress Waters Blvd, Suite 350
Coppell, Texas 75019
(817) 615-9505 – Telephone
(866) 381-4215 – Facsimile

ATTORNEY FOR THE DEFENDANTS
BIGELOW ARIZONA TX-282 LP d/b/a
BUDGET SUITES OF AMERICA, TX 282 and
BIGELOW ARIZONA CORPORATION

## Certificate of Service

I hereby certify that, on November 18, 2022, a true and correct copy of the foregoing instrument was served via the Court's ECF system on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

**VIA ESERVICE**
Ori Raphael
Damon Mathias
Ashley Goldman
MATHIAS RAPHAEL PLLC
13101 Preston Road, Suite 501
Dallas, Texas 75240

ATTORNEYS FOR PLAINTIFFS

_____
KENT J. LISENBY