UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERONICA VENZANT, Individually and as Next Friend of M.E. (minor), | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 3:22-cv-2600-x |
| BIGELOW ARIZONA TX-282 LP d/b/a BUDGET SUITES OF AMERICA and BIGELOW ARIZONA CORPORATION, | § § § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM OPINION AND ORDER

Veronica Venzant, individually and as next friend of M.E., sued Bigelow Arizona TX-282 LP d/b/a Budget Suites of America and Bigelow Arizona Corporation when M.E. was struck by gunfire while playing in the courtyard at a Budget Suites in Dallas. The defendants now move to designate three unknown persons as responsible third parties. [Doc. 12]. Venzant did not respond, so the motion is deemed unopposed. For the below reasons, the Court **GRANTS** the motion.

### I.  Factual Background

In March 2021, Venzant and her five minor children were staying in a Budget Suites on Walker Boulevard in Dallas, Texas. Venzant took the children to the courtyard to play. Gunshots were fired by unknown persons, and a bullet struck M.E. Venzant sued in state court, where the defendants' original and amended answers flagged the issue of the John Doe suspects and moved for their designation as

1

responsible third parties.  The defendants removed to this Court and filed a federal motion to designate John Does 1–3 as responsible third parties.

## II.   Analysis

In their motion, the defendants argue that under Chapter 33 of the Texas Civil Practice and Remedies Code, John Does 1–3 should be named responsible third parties because: (1) the answer alleges an unknown person committed a crime that caused injury; (2) there are sufficient pled facts to determine that there is a reasonable probability that the act of the unknown person was criminal; (3) the answer states all identifying characteristics of the unknown person at the time of the answer; and (4) the allegation satisfies Texas pleading standards.  The Court agrees.

Under Texas law, "[a] defendant may seek to designate a person as a responsible third party."[1]  That designation, in turn, "obligates the trier of fact to assign a percentage of responsibility to each . . . defendant . . . and [responsible third party] with respect to each cause of action alleged."[2]  Federal courts in Texas allow parties to designate responsible third parties in diversity cases.[3]  The Texas Rules of Civil Procedure direct courts to grant motions to designate responsible third parties unless there is a timely objection.[4]

---

[1] TEX. CIV. PRAC. & REM. CODE § 33.004(a).

[2] *Estate of Pruitt v. Asphalt Zipper, Inc.*, No. 21-50717, 2022 WL 2826450, at *3 (5th Cir. July 20, 2022).

[3] *Davis v. Dall. Cnty.*, No. 3:07-CV-0318-D, 2007 WL 2301585, at *1 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.).

[4] *See* TEX. CIV. PRAC. & REM. CODE § 33.004(f) ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.").

In its amended answer, the defendants assert the following facts:

> Defendants now plead that John Does, who are identified only as Suspects 1, 2, and 3 in Dallas Police Incident Report 044433-2021 by the investigating officer, Quintarius Crenshaw, Badge #11494, committed criminal acts in the shooting incident made the subject of this lawsuit wherein M.E. (minor) was struck in the leg by cross fire between the suspects.   Officer Crenshaw found that the unknown suspect(s) committed the offense of Aggravated Assault – Deadly Weapon as defined by Texas Penal Code § 22.02(A)(2).[5]

The defendants argue in their motion that they are unaware of any additional identifying characteristics now than they were at the time of their amended answer.[6] The Court concludes, based on this pleading that, (1) the answer alleges John Does 1–3 committed a crime that caused injury; (2) the amended answer has sufficient facts to determine that there is a reasonable probability that the act of the unknown person was criminal; (3) the answer states all identifying characteristics of the unknown person the defendants knew at the time of the answer; and (4) the allegation satisfies federal pleading standards.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the defendants' Motion to Designate Third Party.  [Doc. 12].

**IT IS SO ORDERED** this 28th day of September, 2023.

---

[5] Doc. 1-4 at 5–6 (citation omitted).

[6] The issue of what identifying characteristics of John Does 1–3 the defendants knew at the time is a close call.  The complaint claims that, within 40 minutes of the shooting, the defendants issued a notice to vacate to the occupants of Unit 1083, whom Venzant claims on information and belief was where the shooters were staying.  But the complaint also admits there is no indication the police interviewed the occupants of Unit 1083.  So there isn't sufficient, nonconclusory information for the Court to determine the defendants knew more of the identify of John Does 1–3 than the amended answer leads the reader to believe.  And in any event, the statute compels courts to grant unopposed motions to designate responsible third parties.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE